Jay T. Jambeck, SBN # 226018
*jjambeck@leighlawgroup.com*
Mandy G. Leigh, SBN # 225748
*mleigh@leighlawgroup.com*
Damien B. Troutman, SBN # 286616
*dtroutman@leighlawgroup.com*
**LEIGH LAW GROUP, P.C.**
582 Market Street, Suite 905
San Francisco, CA 94104
Telephone: 415-399-9155
Facsimile: 415-795-3733

Attorneys for Plaintiff
D.C., a minor, by and through his Guardians ad Litem
DAN and CARISSA CHERRY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor, by and through his Guardians ad Litem, DAN and CARISSA CHERRY,<br><br>Plaintiff,<br><br>v.<br><br>ACALANES UNION HIGH SCHOOL DISTRICT; DOES 1-30, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**:<br><br>1. **VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**<br><br>2. **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**<br><br>3. **VIOLATION OF CAL. ED. CODE § 220**<br><br>4. **NEGLIGENCE**<br><br>5. **NEGLIGENT TRAINING/ SUPERVISION**<br><br>**JURY TRIAL DEMANDED** |

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff D.C. ( "D.C."), a minor, by and through his Parents and Guardians ad Litem, DAN ("Mr. Cherry") and CARISSA CHERRY ("Mrs. Cherry") (collectively, "Parents"; together with D.C., "Plaintiff"), files this Complaint for Damages against Defendants ACALANES UNION HIGH SCHOOL DISTRICT ("District" or "AUHSD"), and DOES 1-30, inclusive (collectively, "Defendants"), and against each of them, jointly and severally, alleges the following:

**PARTIES AND JURISDICTION**

1.      C.D., a minor, is a 15-year-old young man who attended his 9th grade year (2023-24) within AUHSD. Since Summer 2024, he has been unilaterally placed in a private high school in the San Francisco Bay Area pursuant to 34 C.F.R. § 300.148.

2.      Defendant AUHSD is a public school district, organized and operating pursuant to the laws of the State of California, that receives federal funding and provides educational services to school-aged children in Contra Costa County, California.

3.      Plaintiff is informed, believes and, based upon such information and belief, alleges that DOES 1-30 are, and at all times herein mentioned were, individuals or entities that were and are legally responsible and liable for the acts and events referred to in this Complaint. Plaintiff is ignorant of the true names and capacities of said Defendants sued herein as DOES 1-30, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of the claims in this Complaint pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(2)(A), 1415(i)(3)(A).

5.      Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because Defendant AUHSD is a resident within the jurisdictional limits of the Northern District of California or is considered a resident of this judicial district for the purposes of venue.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6.      At all relevant times, D.C. has been eligible for an Individual Education Plan ("IEP"), *see* 20 U.S.C. § 1415, *et al*., due to disability-related challenges which significantly impact his ability

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

to access his education, including Attention-Deficit / Hyperactivity Disorder ("ADHD") (combination type) and social skills deficits. Accordingly, D.C. is "disabled" within the meaning of Section 504 of the Rehabilitation Act of 1973 ("Section 504") and the Americans with Disabilities Act ("ADA") and has been otherwise considered "disabled" by AUHSD at all relevant times.

7.     D.C. began the ninth grade at Campolindo High School ("Campolindo") within AUHSD for the 2023-24 school year. Almost immediately, he was subjected to an onslaught of peer bullying and harassment. These incidents include, but are not limited to:

a.  **8/19/2023**: Multiple students physically assaulted D.C. during gym class. The aggressors filmed the incident with the intent of publishing it on social media to humiliate D.C. Campolindo's administration was aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

b.  **8/28/2023**: To mock and harass D.C., various football players attempted to befriend his mother on social media to the point that she felt uncomfortable, deleted their requests, and reported the conduct to the Assistant Principal and School Psychologist. Ms. Cherry later learned this was a longstanding pattern of doxing among Campolindo's toxic football culture.

c.  **9/5/2023**: D.C. was subjected to bullying and disability-related harassment when classmates convinced another student into attacking D.C. during lunchtime. Campolindo's administration was aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

d.  **9/8/2023**: Ms. Cherry had a meeting with Campolindo's administration to report and discuss text/social bullying and doxing, but the Campolindo staff falsely informed her that the District could do nothing because the conduct happened off-campus, even though D.C. and his family were being targeted by AUHSD students. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

e.  **9/14/2023**: Despite growing evidence of bullying/harassment towards D.C., the District discriminated against him based on disability by disparately disciplining him for punching a student in self-defense. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

3
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

f. **September 2023**: During this time, D.C. was physically and/or verbally assaulted at various other times, e.g., being mocked, getting tripped, being body-checked into lockers or other students, and having his food or drink slapped out of his hand during lunchtime. Moreover, another student (C.B.) threatened to beat up D.C. if he attended football practice. D.C. initially stopped going to practice, losing out on equal access to high school sports in violation of state and federal law, but later attended practice—at which time C.B. physically assaulted him again. In another instance, C.B. threw D.C. up against a wall and choked him. Once again, Campolindo's administration was aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm. In fact, the District stigmatized D.C. by using "inappropriate" language he allegedly used <u>while being assaulted</u> to claim that he had "behavioral" issues.

g. **September 2023**: Multiple AUHSD staff kept asking, inappropriately and illegally, whether Ms. Cherry intended to put D.C. on medication. This was discriminatory and negligent, as Campolindo's administration was aware of the ongoing bullying/harassment that D.C. suffered, but did not take immediate or adequate actions to remediate the bullying/harassment or protect him from physical or emotional harm.

h. **9/20/2023**: The District discriminated against D.C. and deprived him of equal access to high school sports in violation of state and federal law, by summarily removing him from the football team without adequate justification.

i. **9/21/2023**: Ms. Cherry reported that D.C.'s classmates continued to bully/harass him online, including sending messages on social media, e.g., "Bro, you live in a straight up shit hole, you may as well be homeless." Moreover, the same aggressors also doxed Ms. Cherry by researching her birth state and calling her cell phone number. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

j. **9/25/2023**: D.C. was bullied again by a classmate in P.E. and Woodshop. Despite its claims to the contrary, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

k. **10/17/2023-10/18/2023**: D.C. was bullied/harassed by a classmate who pulled his hair and ridiculed him for needing tutoring. A teacher witnessed the event but did not intervene. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

l. **10/18/2023**: Based on a photo taken off-campus, the District created that the false narrative that D.C. has a "behavioral" issue with vaping, even though Campolindo's administration did not find any vaping pens on his person at school.

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

This information has been used to stigmatize him.

m. **10/19/2023**: Ms. Cherry e-mailed D.C.'s IEP team that he continued to be cyberbullied/harassed. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

n. **Late October 2023**: D.C. regularly notifies his mother that he has stomach aches and throws up at school due to fear of bullying. His anxiety continued to rise dramatically.

o. **1/26/2024**: D.C.'s classmates stalked and followed him, calling him a "pussy" unless he physically fought another student. Ms. Cherry personally witnessed the incident. Campolindo's administration was also aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

p. **1/29/2024**: D.C. was tripped and shoved into a door during Woodshop. The same aggressor then attempted to instigate a fight with D.C. during brunch. Later during lunch period, the classmate sucker-punched D.C. as he was walking away and proceeded to beat up D.C. after binding his hands with his own hoodie sweatshirt. The incident was filmed and published on social media to humiliate D.C. Traumatized, he immediately eloped from campus to flee his attackers. Campolindo's administration was aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

q. **1/30/2024**: AUHSD staff admit to Parents during an in-person meeting that the District is unable to protect, monitor, or support D.C. the way he needs and that the Parents should consider home hospital placement. This admission reflects an egregious violation of D.C.'s rights as a disabled student.

r. **2/12/2024**: Ms. Cherry e-mailed D.C.'s IEP team regarding additional threats of physical harm that D.C. received on social media the day prior. Once again, Campolindo's administration did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

s. **3/5/2024**: D.C.'s bullies showed up at his house with the intent to fight while calling him a "faggot." D.C.'s Parents reported the incident to law enforcement. Campolindo's administration was aware of the incident, but did not take immediate or adequate actions to remediate the bullying/harassment or protect D.C. from physical or emotional harm.

8.    In summary, the District had ongoing notice of bullying/harassment from August 2023 to March 2024, yet crucially admitted that it could not protect D.C. from harm. His Parents had no

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

choice but to pull him from a regular campus and place him in a home hospital setting in violation of his rights as a disabled student. D.C. has suffered significant emotional harm due to the above-mentioned incidents. In Summer 2024, Parents unilaterally placed him in a private high school pursuant to 34 C.F.R. § 300.148. He is entitled to compensatory and injunctive relief.

## ALLEGATIONS REGARDING EXHAUSTION OF REMEDIES

9.      On July 30, 2024, Plaintiff served a government claim pursuant to Cal. Gov. Code § 910, *et seq*. On September 19, 2024, the District (through its insurance carrier) served a Notice of Rejection, thus triggering the six-month statute of limitations pursuant to Cal. Gov. Code § 945.6. Accordingly, this Complaint is timely[1] and Plaintiff has exhausted administrative remedies.

## FIRST CAUSE OF ACTION
### VIOLATION OF SECTION 504
### OF THE REHABILITATION ACT OF 1973

10.      Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-9 above.

11.      Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act in that he has an impairment that substantially limits one or more major life activities. Additionally, Defendant and its employees had notice of, and regarded Plaintiff as having, a disability.

12.      AUHSD is a recipient of federal funding for the purpose of providing educational services to school-aged children.

13.      As alleged above, Defendants violated Plaintiff's rights as a disabled student by failing to prevent or remediate the bullying, harassment, and assaults of D.C.

14.      Defendants acted intentionally and/or with deliberate indifference to the foregoing discrimination given that the District, through its employees, knew that it was substantially likely that their actions, and failures to action, would cause him to suffer emotional harm and lose

---

[1] Plaintiff filed the instant action to preserve all state-law claims while the parties attempt prefiling settlement negotiations. Plaintiff reserves the right to amend, add, and/or remove claims depending on the outcome.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

academic benefit, thus denying him equal access to his education despite that he was otherwise qualified to attend AUHSD. However, Defendants failed to act upon this likelihood.

15.    As a direct and proximate result of the foregoing, Plaintiff suffered special and general damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF TITLE II OF**
**THE AMERICANS WITH DISABILITIES ACT**

16.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-9 above.

17.    Plaintiff is a qualified individual with a disability within the meaning of the ADA in that he has an impairment that substantially limits one or more major life activities. Additionally, Defendant and its employees had notice of, and regarded Plaintiff as having, a disability.

18.    AUHSD is a recipient of federal funding for the purpose of providing educational services to school-aged children.

19.    As alleged above, Defendants violated Plaintiff's rights as a disabled student by failing to prevent or remediate the bullying, harassment, and assaults of D.C.

20.    Defendants acted intentionally and/or with deliberate indifference to the foregoing discrimination given that the District, through its employees, knew that it was substantially likely that their actions, and failures to action, would cause him to suffer emotional harm and lose academic benefit, thus denying him equal access to his education despite that he was otherwise qualified to attend AUHSD. However, Defendants failed to act upon this likelihood.

21.    As a direct and proximate result of the foregoing, Plaintiff suffered special and general damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

7
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## THIRD CAUSE OF ACTION
### VIOLATION OF CAL. ED. CODE § 220
(Disability)

22.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-9 above.

23.    In relevant part, Cal. Ed. Code § 220, no person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code, including immigration status, in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid.

24.    AUHSD is a recipient of state funding for the purpose of providing educational services to school-aged children.

25.    Subject to the one-year claims period of Plaintiff's Tort Claim, the District, by and through its employees, discriminated against Plaintiff based on disability, knowingly failing to prevent peer hostile environment. Additionally, Defendants discriminated against Plaintiff through disparate discipline.

26.    As a direct and proximate result of the foregoing, Plaintiff suffered special and general damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

## FIFTH CAUSE OF ACTION
### NEGLIGENCE

27.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-9 above.

28.    Schools bear the legal duty to exercise reasonable care in supervising students in their charge and may be held liable for injuries proximately caused by the failure to exercise such care. Defendants had an affirmative and heightened duty to D.C. to take all reasonable steps to protect him on school grounds.

8
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

29.     Subject to the one-year claims period of Plaintiff's Tort Claim, and pursuant to Cal. Gov. Code § 815.2, Defendants, by and through their employees acting within the scopes of their public employment, breached this duty of care by committing acts and omissions that failed to prevent and remediate bullying and harassment suffered by D.C., despite actual notice of said conduct.

30.     As a direct and proximate result of the foregoing, Plaintiff suffered special and general damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

### SIXTH CAUSE OF ACTION
### NEGLIGENT TRAINING/SUPERVISION

31.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-9 above.

32.     Defendants owe a duty of care to protect its pupils from physical and/or emotional harm.

33.     Subject to the one-year claims period of Plaintiff's Tort Claim, and pursuant to Cal. Gov. Code § 815.2, Defendants, by and through their employees acting within the scopes of their public employment, breached this duty of care by committing acts and omissions that resulted in the failure to supervise and/or train personnel who could, in turn, adequately supervise school grounds and prevent D.C. from suffering bullying and harassment.

34.     As a direct and proximate result of the foregoing, Plaintiff suffered special and general damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1.     Injunctive relief requiring District-wide staff and teacher training in the prevention of bullying and harassment;

2.     General and special damages according to proof at trial;

3.     Reasonable attorneys' fees and costs as permitted by law;

4.     Civil penalties as permitted by law;

9

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

5.    Any additional remedies that this Court deems equitable and appropriate.


Dated: March 19, 2025                    **LEIGH LAW GROUP, P.C.**

                                   By:    */s/ Damien B. Troutman*
                                          DAMIEN B. TROUTMAN
                                          *Attorney for Plaintiff*

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues for which she is entitled as a matter of right.

Dated: March 19, 2025                    **LEIGH LAW GROUP, P.C.**

                                   By:    */s/ Damien B. Troutman*
                                          DAMIEN B. TROUTMAN
                                          *Attorney for Plaintiff*

10
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**